**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON NORRIS,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 15-4741** |
| **MONTGOMERY COUNTY COMMUNITY** | : | |
| **COLLEGE** | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                 **May 6, 2016**

Plaintiff Jason Norris, a former student of Montgomery County Community College (MCCC), has filed this action against MCCC alleging that MCCC disciplined and ultimately expelled him in breach of contract (Count I), and in violation of his rights to procedural due process (Count II) and substantive due process (Count III) pursuant to 42 U.S.C. § 1983. Now before the Court are Defendant's Motion for Judgment on the Pleadings with respect to Counts I and III of Plaintiff's Complaint, and Plaintiff's Motion to Amend the Complaint. For the reasons discussed below, Plaintiff's Motion to Amend with be denied, and Defendant's Motion for Judgment on the Pleadings will be granted in part and dismissed in part as moot.

**I.      PROCEDURAL HISTORY AND PROPOSED AMENDED COMPLAINT**

On March 2, 2015, Plaintiff filed a *pro se* complaint against MCCC in the Magisterial District Court of Montgomery County. Magisterial District Judge Robert M. Sobeck entered judgment in favor of MCCC on June 8, 2015, which Plaintiff appealed to the Philadelphia Court of Common Pleas. Pursuant to Pennsylvania Rule of Civil Procedure 1004, Plaintiff, now

represented by counsel, filed a formal complaint with the Court of Common Pleas,[1] which Defendant removed to this Court.[2] After MCCC filed its Motion for Judgment on the Pleadings as to Counts I and III, Plaintiff agreed to dismiss Count I with prejudice, which was approved by Order of the Court on October 28, 2015.[3] Plaintiff then filed a Motion to Amend the Complaint, and attached a proposed Amended Complaint.

Plaintiff's proposed Amended Complaint alleges that he was a student at MCCC from 2012 until March 15, 2013 when MCCC expelled him in violation of his rights to procedural and substantive due process. Plaintiff alleges that MCCC failed to follow its own Code of Conduct (the Code) when it gave Plaintiff two disciplinary warnings, placed him on probation, extended his probation beyond one year, and expelled him. Plaintiff also alleges that this discipline was instituted due to personal animus, and in an effort to retaliate against him for complaints he filed against a MCCC security officer and for appealing the earlier disciplinary actions.

Plaintiff alleges that the improper discipline began in 2012, when Plaintiff was given a verbal warning for alleged harassment of a female student, without receiving a hearing or the warning in writing as required by the Code. On February 11, 2013, Plaintiff alleges that he was harassed by a security officer in the computer lab in retaliation for complaints that Plaintiff had filed against the officer. On February 18, 2013, Plaintiff alleges that he was given a written warning for alleged misconduct in the computer lab, without a hearing or any other form of due process. On the same date, Plaintiff was also placed on disciplinary probation, again without a hearing, for an incident in which another student, unprovoked, punched Plaintiff. The other student received no punishment. Plaintiff appealed the disciplinary probation, and in response to

---

[1] Pa. R. Civ. P. M.D.J No. 1004 ("If the appellant was the claimant in the action before the magisterial district judge, he shall file a complaint within twenty (20) days after filing his notice of appeal.").

[2] *See* Notice of Removal  Ex. A at 6, Doc. No. 1.

[3] Stipulation and Order to Withdraw Count I of Plaintiff's Complaint, Doc. 11.

his appeal, received a letter from MCCC on March 5, 2013 extending the probationary period, even though the Code limits the probationary period to a maximum of one year. The letter also informed Plaintiff that any additional violations of the Code would result in his expulsion.

Finally, on March 15, 2013, MCCC expelled Plaintiff after he allegedly lost his composure when a professor wrongly accused him of plagiarism. The dismissal letter cited this incident as well as the other alleged incidents, for which Plaintiff had already been punished, as the reason for his expulsion. Again, Plaintiff was not provided a hearing, and the dismissal letter stated that Plaintiff had no right to appeal the decision.

The proposed Amended Complaint alleges two claims: one for violations of procedural due process and a second for violations of substantive due process. Defendant argues that the Court should deny the Motion to Amend in part because many of the allegations that Plaintiff seeks to add to his complaint are futile for two reasons.[4] First, MCCC argues that Plaintiff's proposed Amended Complaint fails to state a claim that MCCC violated his right to substantive due process. Second, MCCC contends that Plaintiff the proposed Amended Complaint includes allegations that are barred by the statute of limitations.

## II.    LEGAL STANDARD

### A.    Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of court, and directs that courts "should freely give leave when justice so requires."[5] Leave should be granted unless: (1) an amendment would be futile or there has been undue delay in the amendment; (2) the court finds bad faith or dilatory motive by the moving party; (3) an

---

[4] Defendant does not oppose amendments to the complaint to include: (1) allegations about the procedure required by the Code of Conduct and Code of Ethics that were in effect at the time of Plaintiff's discipline; (2) an allegation that Plaintiff filed a complaint with the Magisterial District Court on March 2, 2015; and (3) that Plaintiff seeks an award of reasonable litigation costs.

amendment would cause prejudice to the non-moving party; or (4) the moving party has demonstrated repeated failure to cure deficiency by amendments previously allowed.[6]

Amendment is futile if a proposed amended complaint is "frivolous or advances a claim or defense that is legally insufficient on its face."[7] "However, given the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile."[8] If a proposed amendment is not clearly futile, then denial of leave to amend is improper.[9] A court may deny a request for leave to amend based on futility only where the complaint, as amended, would fail to state a claim upon which relief could be granted.[10] In determining whether the proposed amendment states a plausible claim, the court must consider only those facts alleged in the proposed amended complaint, accepting the allegations as true and drawing all logical inferences in favor of the plaintiff.[11] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations and a proposed amended complaint must contain "enough facts to state a claim to relief that is plausible on its face."[12]

### B.      Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), "will not be granted unless the movant clearly establishes that no material issue of fact remains

---

[5] Fed. R. Civ. P. 15(a).

[6] *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)).

[7] *Thomas v. SmithKline Beecham Corp.*, No. 00-2948, 2002 WL 32351172, at *3 (E.D. Pa. Sept. 5, 2002).

[8] *Aruanno v. New Jersey*, No. CIV. A. 06-0296 WJM, 2009 WL 114556, at *2 (D.N.J. Jan. 15, 2009).

[9] Wright, Miller & Kane, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2012).

[10] *Anderson v. City of Philadelphia*,  65 F. App'x 800, 801 (3d Cir. 2003).

[11] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Farzan v. United Parcel Serv., Inc.*, No. 10-1417, 2011 WL 3510860, at *1 (D.N.J. Aug. 8, 2011).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 570 (2007).

to be resolved and that he is entitled to judgment as a matter of law."[13] The facts presented in the pleadings and the inferences to be drawn are viewed in the light most favorable to the nonmoving party.[14] "Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion…if plaintiffs' claims are based on the documents, and matters of public record.[15]

## III.   DISCUSSION

### A.   Failure to State a Claim for Substantive Due Process Violation

MCCC first argues amendment would be futile because Plaintiff fails to state a claim for a violation of his right to substantive due process. To state a claim for a violation of substantive due process, Plaintiff must allege that he was deprived of a property interest that is fundamental under the Constitution and that this deprivation was arbitrary or irrational.[16] "If the interest is not 'fundamental,' however, the governmental action is entirely outside the ambit of substantive process and will be upheld so long as the state satisfies the requirements of procedural due process."[17]

Neither the Supreme Court nor the Third Circuit have ever held that continued college enrollment is a fundamental property interest entitled to substantive due process protection.[18]

---

[13] *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)  (internal quotation omitted).

[14] *Id.*

[15] *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).While both parties attached additional documents to their Motions, the Court will not reach the question of whether the Court may rely upon these documents because it need not and does not rely upon them to resolve the Motions.

[16] *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000).

[17] *Id.*

[18] *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 223 (1985) (assuming, without deciding, "the existence of a constitutionally protectible property right in [] continued [college] enrollment" and holding "that even if [the] assumed property interest gave rise to a substantive right under the Due Process Clause to continued enrollment free from arbitrary state action, the facts of record disclose no such action."); *Mauriello v. Univ. of Med. & Dentistry of New Jersey*, 781 F.2d 46, 52 (3d Cir. 1986) (same).

Instead, the Third Circuit has expressed its doubt that students have a fundamental right to continued college enrollment[19] and the Supreme Court has held that public education is not a fundamental right.[20] Plaintiff argues that "this Court should be more inclined to find that his interest in continued enrollment with Defendant is sufficiently fundamental" because Plaintiff does not have a state law contract right that protects his important interest in continued college enrollment.[21] However, whether a right is fundamental does not turn on whether it is protected by contract, but instead on whether the right is created by the Constitution.[22] Even if Plaintiff does not have a contractual right to continued college enrollment, this does not automatically render the Constitution the source of his alleged right.

Plaintiff has not demonstrated that continued college enrollment is "deeply rooted in the Nation's history and traditions" or that it is an interest "implicit in the concept of ordered liberty like personal choice in matters of marriage and family."[23] While the Court agrees with Plaintiff that the ability to pursue one's educational and career goals is important, this is not sufficient to establish that the interest is fundamental. The Court instead finds Plaintiff's interest in continued college enrollment to be similar to an individual's interest in public education and public employment, which the Supreme Court and the Third Circuit respectively have found not to be fundamental rights.[24] As a result, and given the Supreme Court's reluctance to "expand the

---

[19] *See Mauriello*, 781 F.2d at 52; *Manning v. Temple Univ.*, 157 F. App'x 509, 514 (3d Cir. 2005).

[20] *Plyler v. Doe*, 457 U.S. 202, 223 (1982).

[21] Pl's Opp. to Def's Mot. for Judgment on the Pleadings at 5, Doc. No. 12.

[22] *Hill v. Borough of Kutztown*, 455 F.3d 225, n. 12 (3d Cir. 2006) ("Whether a property interest is protected for purposes of *substantive due process* is a question that is not answered by reference to state law. Rather, for a property interest to be protected for purposes of *substantive due process,* it must be 'fundamental' under the United States Constitution.").

[23] *Wrench Transp. Sys., Inc. v. Bradley*, 340 F. App'x 812, 815 (3d Cir. 2009) (citations and quotation marks omitted).

[24] *Nicholas*, 227 F.3d at 143; *Plyler*, 457 U.S. at 223.

concept of substantive due process"[25] and that the Third Circuit has "so far limited non-legislative substantive due process review to cases involving real property ownership,"[26] the Court holds that there is no fundamental right to continued college enrollment. Plaintiff has therefore failed to state a claim for a violation of substantive due process.

### B.    Statute of Limitations

The statute of limitations for a § 1983 claim is two years.[27] Plaintiff alleges that he filed his initial complaint with the Magisterial District Court on March 2, 2015. However, Plaintiff asserts claims for violations of procedural due process based on conduct that occurred both before and after March 2013.  Plaintiff alleges that MCCC failed to follow the Code when it gave him disciplinary warnings and probation around October 2012 and in February 2013, over two years before Plaintiff filed his complaint. Plaintiff contends that these allegations are not time barred because they were part of a continuing violation.

The continuing violations doctrine allows plaintiffs to assert a claim for conduct that occurred outside of the statute of limitations period where "all acts which constitute the claim are part of the same unlawful [] practice and…at least one act falls within the applicable limitations period."[28] However, "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period," even where they are related to the prior acts.[29] In *Morgan*, the Supreme Court held that termination, failure to promote, denial of transfer, and refusal to hire are discrete, separately actionable unlawful employment actions and therefore that employment

---

[25] *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992).

[26] *Nicholas*, 227 F.3d at 141.

[27] *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).

[28] *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165-66 (3d Cir. 2013).

[29] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002). The Supreme Court rejected the Court of Appeals application of the continuing violations doctrine to "serial violations" and its holding that "so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the purposes of liability." *Id.* at 114.

discrimination claims based on such actions must be filed within the statute of limitations period.[30] The Supreme Court distinguished hostile work environment claims from these discrete acts because the "very nature [of hostile work environment claims] involves repeated conduct" and therefore it "cannot be said to occur on any particular day" and "a single act of harassment may not be actionable on its own."[31]

Plaintiff contends that the continuing violations doctrine applies here because MCCC's failure to provide Plaintiff due process with respect to the disciplinary warnings and probation are not individually actionable, had a cumulative effect on Plaintiff, and caused him continuing emotional distress. While the alleged due process violations may have been related and have had a cumulative effect, MCCC's disciplinary actions do not collectively constitute a single violation of due process, but instead were separate discrete acts,[32] as Plaintiff alleges that MCCC failed to provide him with the process that he was due for each individual disciplinary action.[33] Additionally, that Plaintiff may have experienced continuing emotional distress does not establish that the *violations* were continuing.[34]

---

[30] *Id.* at 114.

[31] *Id.* at 115.

[32] In *Gonzalez v. Hasty*, the plaintiff, a prisoner, alleged that the defendant-employees of two federal prison facilities, violated his right to due process by confining him in the special housing unit without providing him with the procedures he was entitled to, including notices, hearings, and psychological assessments. 802 F.3d 212, 216-17 (2d Cir. 2015). The Second Circuit found that each failure to provide the plaintiff with a notice, hearing, or evaluation was a discrete act to which the continuing violations doctrine did not apply. *Id.* at 223.

[33] Plaintiff alleges for example, that he was "given a warning for the [harassment] situation by the Dean of Student Affairs, but never provided any additional information or due process. The warning was verbal despite the requirement in the Code of Conduct that warnings be in writing. Also, the warning was issued despite the fact that students beforehand be afforded the right to hearings before the Judicial Hearing Board with an accompanying right of appeal to an Appeals Officer for alleged offenses that are not minor." Ex. 1 to Pl's Am. Comp. at ¶ 16. Plaintiff also alleges that "[o]n February 18, 2013, the MCCC followed up on Light's retaliation by issuing a written warning to Plaintiff for the computer lab situation. Again, Norris was not afforded any due process protections, such as the Judicial Hearing Board processes." *Id.* at ¶ 21.

[34] *See Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2001) ("The focus of the continuing violations doctrine is on affirmative acts of the defendants… [A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.") (internal citations and quotation marks omitted).

8

Even if the continuing violations doctrine does not apply, Plaintiff argues that he should be allowed to amend his complaint to add allegations about discipline that occurred prior to March 2, 2013 because it is relevant to the discipline that occurred after this date. While there may be some evidentiary purpose for discipline that occurred before March 2, 2013, allegations about discipline that occurred before the statute of limitations period cannot serve as the basis for a claim that Plaintiff's right to procedural due process was violated. Finally, amendment to include an allegation as to when Plaintiff filed his complaint is not warranted because the record is unopposed as to when the complaint was filed.

## IV.    CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's Motion to Amend the Complaint. Plaintiff will be permitted to correct his complaint to include allegations as to the procedures required by the Code of Conduct and Code of Ethics in effect after March 2, 2013 and whether these procedures were followed, and to correct the prayer for relief to include reasonable litigation costs, which Defendant does not contest. As Plaintiff has failed to state a claim for a violation of his right to substantive due process, Defendant's Motion for Judgment on the Pleadings will be granted. An appropriate Order will follow.